# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ALLIED PROPERTY AND
CASUALTY INSURANCE
COMPANY, a foreign corporation,
individually and as subrogee for its
insured Joseph M. Holohan,

   Plaintiff,

v.

BEAZER HOMES HOLDINGS CORP.,
et al.,

   Defendants.

2:09-CV-626 JCM (PAL)

**ORDER**

Presently before the court is defendant Beazer Homes Holdings Corporation's motion to dismiss for failure to prosecute. (Doc. #91). Plaintiff Allied Property and Casualty Insurance Company filed an opposition. (Doc. #92). Defendant then filed a reply. (Doc. #93).

This case arises out of a March 4, 2007, house fire. (Doc. #1, Ex. 1). This case has been pending in federal court since April 2009. (Doc. #1). Discovery closed on November 30, 2009. (Doc. #56). The court issued its last dispositive order on December 9, 2010. (Doc. #90). Plaintiff took no further action in this case until it filed its opposition to the instant motion to dismiss on November 4, 2011. (Doc. #92). This is a delay of more than 10 months.

Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-1, defendant moves to dismiss for failure to prosecute. (Doc. #91). Defendant argues that it has been prejudiced by plaintiff's 10-month delay in prosecuting this case. Specifically, defendant asserts that the delay has

**James C. Mahan**
**U.S. District Judge**

1  caused: (1) diminished recollection of the 2007 fire by percipient witnesses and (2) increased expert
2  expenses because the experts will have to review all of the evidence.

3  In response, plaintiff notes that this case involved substantial discovery. (Doc. #92). Thus,
4  plaintiff argues that a 10-month delay is not unreasonable and has not caused defendant prejudice.
5  Plaintiff further acknowledges its failure to file a joint pre-trial order, stating that it "was
6  unfortunately under the mistaken belief that the [c]ourt was setting a trial date in this matter." (Doc.
7  #92). Finally, plaintiff asserts that this case is ready for trial and dismissal would be prejudicial to
8  plaintiff.

9  Pursuant to Rule 41(b), "[i]f the plaintiff fails to prosecute . . . a defendant may move to
10 dismiss the action." However, "[d]ismissal is a harsh penalty and is to be imposed only in extreme
11 circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The court weighs the
12 following factors to determine whether dismissal is appropriate: (1) the public's interest in
13 expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice
14 to defendants/respondants, (4) the availability of less drastic alternatives, and (5) the public policy
15 favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.
16 2002).

17 After weighing the *Pagtalunan* factors, the court finds that dismissal is not appropriate in this
18 case. *See id.* Here, plaintiff asserts that the case is ready for trial. (Doc. #92). Thus, the last two
19 factors, the availability of less drastic alternatives and the public policy favoring disposition of cases
20 on their merits, heavily weigh against dismissing this case. Under these facts, a 10-month delay is
21 not an "extreme circumstance[]" warranting the "harsh penalty" of dismissal. *Henderson*, 779 F.2d
22 at 1423.

23 Accordingly,

24 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Beazer Homes
25 Holdings Corporation's motion to dismiss for failure to prosecute (doc. #91) be, and the same hereby
26 is, DENIED. Plaintiff is waned that its failure to read and follow the rules of procedure for this court
27 in the future will result in the imposition of sanctions, which may include dismissal.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

IT IS FURTHER ORDERED that the parties file a joint pretrial order on or before January 10, 2012.

DATED this 19th day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE