1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7   ALLIED PROPERTY AND CASUALTY      )
    INSURANCE COMPANY,                )
8                                     )        Case No. 2:09-cv-00626-JCM-PAL
                        Plaintiff,    )
9                                     )        **ORDER**
                                      )
10  vs.                               )        (Mtn for SC Exception - Dkt. #105)
                                      )
11  BEAZER HOMES HOLDING CORP, et al.,)
                                      )
12                                    )
                        Defendants.   )
13  _____    )

14        This matter is before the court on Defendant Chamberlain Group, Inc.'s Motion for Exception to

15  the Attendance Requirement for Settlement Conference (Dkt. #105) filed May 1, 2012, and Plaintiff

16  Allied Property and Casualty Insurance Company filed an Opposition (Dkt. #106) on May 3, 2012.

17        On January 25, 2012, the court entered an Order (Dkt. #99) setting this case for a settlement

18  conference on May 8, 2012.  That Order required that, for non-individual parties, counsel must arrange

19  for a client officer or representative with binding settlement authority to appear at the settlement

20  conference.

21        The Motion represents that Defendant Chamberlain is located in Elmhurst, Illinois.  Ms. Susan

22  Bell, Chamberlain's representative, has a scheduling conflict that prevents her from attending the May

23  8, 2012, settlement conference.  Additionally, Chamberlain is self-insured, and any settlement will have

24  to be approved by more than one person.  Chamberlain requests that Ms. Bell be permitted to be

25  available telephonically during the conference and that Chamberlain be permitted to appear solely

26  through counsel.  Plaintiff Allied Property opposes the Motion, stating that Chamberlain has not

27  provided any rational basis to justify the exemption from the settlement conference attendance

28  / / /

1  requirements and refuting Chamberlain's contentions that its location, its status as self-insured, and Ms.

2  Bell's scheduling conflict prevent a representative from appearing at the settlement conference.

3      The order scheduling this settlement conference was entered January 25, 2012.  Chamberlain

4  waited until May 1, 2012 to file this Motion, and has provided no explanation of why Ms. Bell is

5  unavailable, or when her scheduling conflict arose.   From long experience telephonic participation is

6  rarely productive.  Chamberlain's self-insured status and location out-of-state does not establish good

7  cause for excusing the personal attendance of a fully authorized representative with binding settlement

8  authority up to the full amount of the claim or last demand.

9      Having reviewed and considered the matter,

10      **IT IS ORDERED** that Defendant Chamberlain's Motion for an Exemption (Dkt. #105) is

11  DENIED.  Chamberlain's counsel and a client officer or representative with full binding settlement

12  authority up to the amount of the claim or the last demand shall appear, in person, at the May 8, 2012,

13  settlement conference.

14      Dated this 4th day of May, 2012.

15

16

17

18  _____
    PEGGY A. LEEN

19  UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28