# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>BEAZER HOMES HOLDING CORP, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:09-cv-00626-JCM-PAL<br><br>**ORDER**<br><br>(Mtn for SC Exception - Dkt. #105) |

　　　　This matter is before the court on Defendant Chamberlain Group, Inc.'s Motion for Exception to the Attendance Requirement for Settlement Conference (Dkt. #105) filed May 1, 2012, and Plaintiff Allied Property and Casualty Insurance Company filed an Opposition (Dkt. #106) on May 3, 2012.

　　　　On January 25, 2012, the court entered an Order (Dkt. #99) setting this case for a settlement conference on May 8, 2012. That Order required that, for non-individual parties, counsel must arrange for a client officer or representative with binding settlement authority to appear at the settlement conference.

　　　　The Motion represents that Defendant Chamberlain is located in Elmhurst, Illinois. Ms. Susan Bell, Chamberlain's representative, has a scheduling conflict that prevents her from attending the May 8, 2012, settlement conference. Additionally, Chamberlain is self-insured, and any settlement will have to be approved by more than one person. Chamberlain requests that Ms. Bell be permitted to be available telephonically during the conference and that Chamberlain be permitted to appear solely through counsel. Plaintiff Allied Property opposes the Motion, stating that Chamberlain has not provided any rational basis to justify the exemption from the settlement conference attendance

/ / /

requirements and refuting Chamberlain's contentions that its location, its status as self-insured, and Ms. Bell's scheduling conflict prevent a representative from appearing at the settlement conference.

The order scheduling this settlement conference was entered January 25, 2012. Chamberlain waited until May 1, 2012 to file this Motion, and has provided no explanation of why Ms. Bell is unavailable, or when her scheduling conflict arose. From long experience telephonic participation is rarely productive. Chamberlain's self-insured status and location out-of-state does not establish good cause for excusing the personal attendance of a fully authorized representative with binding settlement authority up to the full amount of the claim or last demand.

Having reviewed and considered the matter,

**IT IS ORDERED** that Defendant Chamberlain's Motion for an Exemption (Dkt. #105) is DENIED. Chamberlain's counsel and a client officer or representative with full binding settlement authority up to the amount of the claim or the last demand shall appear, in person, at the May 8, 2012, settlement conference.

Dated this 4th day of May, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE