# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign corporation, individually and as subrogee for its insured Joseph M. Holohan,<br><br>Plaintiff,<br><br>v.<br><br>BEAZER HOMES HOLDINGS CORP., et al.,<br><br>Defendants. | 2:09-CV-626 JCM (PAL) |

**ORDER**

Presently before the court is defendant Beazer Homes Holdings Corporation's ("Beazer") motion in limine to exclude plaintiff argument and expert presentation of alleged improper installation. (Doc. #115). Plaintiff Allied Property and Casualty Insurance Company ("Allied") filed an opposition. (Doc. #118). Beazer then filed a reply. (Doc. #128).

This case arises from a fire which occurred on or about March 5, 2007. Plaintiff Allied Property and Casualty Insurance Company ("Allied") alleges that the fire was caused by a defective garage door opener, which was missing a ground wire. Further, Allied asserts that the garage door opener was improperly installed. Specifically, an expert witness for Allied asserts that the garage door opener was not installed in a sufficiently rigid configuration. This configuration permitted abnormal vibrations in the opener which, combined with thermal cycling, accelerated the chaffing and degradation of the power cord and led to the fire. (Doc. #118).

**James C. Mahan**
**U.S. District Judge**

The instant motion in limine seeks to preclude Allied from presentation at trial of any argument or testimony that installation of the subject garage door opener was improper. (Doc. #115). In particular, Beazer asserts that Allied "should not be permitted to present at trial any argument or testimony that the subject installation was contrary to any standard or instruction, or that the subject installation was insufficiently rigid, resulted in excessive vibration, or resulted in any degradation of the garage door opener power cord." (Doc. #115). According to Beazer, this theory of causation should be precluded because it lacks factual support.

In support of its motion, Beazer notes that plaintiff's expert witness did not see the garage door opener operate and, therefore, cannot opine that the installation configuration lacked sufficient rigidity. Additionally, the manufacturer's installation instructions do not mandate a particular installation configuration, but instead state that "[t]wo representative installations are shown. Yours may be different." (Doc. #115, Ex. B). Further, the expert witness did not observe the power cord prior to the fire, and the power cord was not recovered after the fire. Finally, Beazer asserts that the last person to observe the garage door opener operate, Karen Mahaffey, did not see any looseness or vibrations in the garage door opener. Thus, the expert witness has no factual basis to determine that the power cord was degraded due to abnormal vibrations. Accordingly, Beazer asserts that the expert's opinion lacks factual support and is based on unjustifiable and unsupportable circular assumptions. (Doc. #115).

Allied opposes the motion in limine, arguing that testimony about vibrations and degradation of the power court is necessary to explain why the power cord did not fail in the years prior to the fire. (Doc. #118). Allied asserts that the missing ground wire, combined with improper installation and thermal cycling, caused the fire in this case. In support of his assertion that the garage door opener was improperly installed, plaintiff's expert examined the mounting configuration of the opener. The expert found that the opener was mounted to one joist using the last set of fastening holes on two long L-shaped channel brackets without any bracing in the direction of travel of the garage door. The expert asserts that this configuration allowed abnormal vibrations which led to degradation of the power cord. (Doc. #118, Ex. 2). Allied argues that its expert's opinions are based

on "his many years of personal experience and his hands-on testing of the brackets and garage door opener." (Doc. #118). Accordingly, Allied asserts that its expert's opinions are sufficiently reliable and relevant, and Allied must be permitted to present its theory of causation to the jury.

Pursuant to Federal Rule of Evidence 702,

> a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993), the Supreme Court held that a trial court performs a "gatekeeping role" when performing a Rule 702 analysis. Thus, the court can only admit expert testimony that is relevant and reliable. *Id.* Testimony is relevant if it will "help the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702. The expert testimony must be "sufficiently tied to the facts of the case . . . ." *Daubert*, 509 U.S. at 591 (quoting *United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985)).

The court has substantial discretion in its gatekeeping role. *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000). However, the Supreme Court identified several non-exclusive factors to aid the court in deciding whether the expert testimony is reliable: (1) whether a theory or technique can be, and has been, tested, (2) whether it has been subjected to peer review and publication, (3) the known or potential error rate of the theory or technique, and (4) whether the theory or technique enjoys general acceptance within the relevant scientific community. *See Daubert*, 509 U.S. at 592-94; *Hankey*, 203 F.3d at 1167.

"Unlike an ordinary witness . . . an expert witness is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." *Daubert*, 509 U.S. at 592; *see also* FED. R. EVID. 702 (stating that an "expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed"). The focus of the court's gatekeeping role is on the principles and methodology of the expert opinion, not on the correctness

James C. Mahan
U.S. District Judge

- 3 -

1  of the expert opinion. *See Daubert*, 509 U.S. at 595. If a party believes that the admissible opinions
2  of an expert are "shaky," those opinions are to be attacked by cross examination and contrary
3  evidence, rather than be excluded. *Id.*

4  In the instant case, plaintiff's expert witness's opinions regarding improper opener
5  installation and causation of the fire are admissible. While the expert may not have firsthand
6  knowledge or observation of the garage door opener and power cord at issue in this case, firsthand
7  knowledge is not necessary for expert opinion. *See* FED. R. EVID. 702. *See Primiano v. Cook*, 598
8  F.3d 592 (9th Cir. 2010). Allied alleges that the expert's opinions are based on his personal
9  knowledge, an examination of the installation configuration in this case, and hands-on testing of the
10 support brackets and garage door opener. (Doc. #118).

11 After examining the principles and methodology of the expert's opinions in this case under
12 the *Daubert* factors, the court finds that the expert's opinions are sufficiently relevant and reliable
13 to be admissible at trial. *See Daubert*, 509 U.S. at 592-94; FED. R. EVID. 702. While Beazer
14 contests the accuracy, comprehensibility, and correctness of Allied's expert witness's opinions,
15 Beazer can attack this allegedly "shaky" but nevertheless admissible evidence through vigorous
16 cross-examination and presentation of contrary evidence. *Daubert*, 509 U.S. at 596.

17 Accordingly,

18 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Beazer Homes
19 Holdings Corporation's motion in limine to exclude plaintiff argument and expert presentation of
20 alleged improper installation (doc. #115) be, and the same hereby is, DENIED.

21 DATED June 15, 2012.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -