# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign corporation, individually and as subrogee for its insured Joseph M. Holohan,

Plaintiff,

v.

BEAZER HOMES HOLDINGS CORP., et al.,

Defendants.

2:09-CV-626 JCM (PAL)

**ORDER**

Presently before the court is defendant Beazer Homes Holdings Corp.'s objection and request for relief from the magistrate judge's denial of its motion for leave to file motions after the dispositive motion deadline. (Doc. #195). Plaintiff has not responded.

**I.    Background**

On November 14, 2012, defendant requested leave to re-file three motions for summary judgment. (Doc. #193, 3-4). Previously, this court had declined to consider these motions on the basis that the motions were filed two-and-a-half years after the dispositive motion deadline and defendant had not asked for leave to file after the expired deadline. (Doc. #189, 2:1-3).

The magistrate judge denied the November 14 request, declaring that defendant failed to show the necessary excusable neglect in order to obtain relief for the late filing of motions. (Doc. #194, 3:17-19). The magistrate judge cited the "strong public policy" supporting the "timely

**James C. Mahan**
**U.S. District Judge**

1  resolution of cases on their merits." (Doc. #194, 3:1-2). Further, the magistrate stated that a case
2  management order "is not a frivolous piece of paper, idly entered, which can be cavalierly
3  disregarded by counsel without peril." (Doc. #194, 3:11-14) (*citing Johnson v. Mammoth*
4  *Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

## II.  Legal Standard

Fed.R.Civ.P. 72(a) allows a district judge to set aside or modify any part of a magistrate judge's order in regards to a nondispositive matter that is "clearly erroneous or . . . contrary to law." *See also* L.R. IB 3-1(a); 28 U.S.C. § 636(b)(1)(A).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, 3:11-CV-00793-RCJ, 2012 WL 3884939, at *3 (D. Nev. Sept. 6, 2012).

## III.  Discussion

Here, defendant asks this court to evaluate the magistrate judge's ruling and allow it leave to file three separate motions for summary judgment long after the deadline for filing dispositive motions. (Doc. #195). It raises four objections. First, the magistrate judge's belief that defense counsel had been inactive was unsupported. (Doc. #195, 3:9-10). Second, the magistrate judge's order disregarded the fact that the dispositive motions defendant wishes to re-file became relevant only after the dispositive motion deadline. (Doc. #195, 3:19-21). Third, addressing these issues in post-trial motions would be unfair to the parties. (Doc. #195, 3:21-22). Last, that the magistrate judge's order discounted the overall context of the motions.[1] (Doc. #195, 4:4-5).

. . .

---

[1] Defendant was willing to permit a trial continuance as requested by plaintiff based on plaintiff's agreement that these three motions for summary judgment would be resolved prior to the trial. (Doc. #195, 4:6-8). Defendant and plaintiff agreed and stipulated that these pre-trial rulings would benefit both parties by fine tuning the issues and presentations for trial. (Doc. #195, 4:8-11).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Initially, defendant has failed to file this motion for reconsideration within the time constraints of local rule IB 3-1(a).[2] The rule clearly sets a time limit of 14 days to challenge a magistrate judge's ruling. The magistrate judge's order was filed on November 19, 2012. (Doc. #194). The objection and request for relief based on that order, and before the court here, was filed on December 6, 2012. (Doc. #195). Regardless, the court will turn to the merits.

### A. The *Pioneer* Excusable Neglect Balancing Test

Fed.R.Civ.P. 6(b)(1)(B) allows a court to extend a deadline after that deadline's expiration when the moving party can show it failed to act because of excusable neglect. *See also* L.R. 6-1. Excusable neglect is an equitable decision taking into account all relevant surrounding circumstances of the party's omission including at least four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service,* 231 F.3d 1220, 23-24 (9th Cir. 2000); *see Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 395 (1993) (created the four part equitable test for determining excusable neglect outlined above); *see also Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996) (applied *Pioneer's* excusable neglect test to Fed.R.Civ.P. 6(b)); *see also Briones v. Rivera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997) (applied *Pioneer's* excusable neglect equitable test to Fed.R.Civ.P. 60(b)'s excusable neglect exception).

### 1. Prejudice to Opposing Party

Defendant claims that there is no danger of prejudice against plaintiff if the court were to grant their motion. (Doc. #195, 17:16-17). Ordinarily this would not be true in regards to dispositive motions. However, since plaintiff stipulated to allow more time in order for these motions to be resolved and did not oppose defendant's motion (doc. #191, 2:14-18), there is no threat of prejudice to the opposing party. Accordingly, the first factor of *Pioneer*'s equitable remedy

---

[2] Local rule IB 3.1(a) requires the objecting party to file and serve objections to the magistrate judge's order within 14 days after being served with a copy. *See also* FED. R. CIV. P. 72(a). A party who fails to file a timely objection to a magistrate judge's nondispositive ruling forfeits the right to challenge that ruling. *Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174 n. 1 (9th Cir. 1996).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  test weighs in favor of defendant.

## 2. Length of the Delay

Defendant argues that the magistrate judge wrongly blamed it for any delays, as all the delays were attributable to both plaintiff and former co-defendant.[3] (Doc. #195, 2:16-3:6). Defendant also claims that there is "no threat of further delay of this matter because trial is already scheduled and there is time for resolution of the requested motions prior to trial." (Doc. #195, 14:7-9).

However, in the Ninth Circuit, length of the delay has primarily been evaluated as past delay as opposed to potential future delays. *See Bateman,* 231 F.3d at 1225 (length of the delay analysis focused on the one month delay of plaintiff in bringing motion to rescind the judgment); *see Sayago v. Jiminez,* No. 03:09-cv-01295-HU, 2011 WL 5914279, at *1, *5 (D. Or. 2011) (length of the delay analysis focused on the five months it took to seek relief); *see generally Pioneer Inv. Services Co.,* 507 U.S. at 395-99 (concurred with lower court's focus on the delay of the filing in regards to length of the delay). Potential future threat of delay is still a consideration though. *See Bateman,* 231 F.3d at 1225 (reasoning that the length of delay was minimal partly because there was no evidence that the trial *would* have been postponed an inordinate amount of time) (emphasis added).

Here, as the magistrate judge thoroughly outlined in her order, the length of the delay is substantial. (*See* doc. #194). The original deadline for filing dispositive motions was November 19, 2009. (Doc. #194, 1:16-17). At that time a thirty-day extension was granted. (Doc. #194, 1:18-19). That was over three years ago. On the other hand, the potential threat of future delay is minimal. Consequently, this factor is neutral.

## 3. Reason for the Delay

To justify the length of the delay, defendant argues that the motions for summary judgment concern issues that "arose and ripened *significantly* after the dispositive motion deadline." (Doc. #195, 3:19-20) (emphasis in original). Defendant claims that the issues did not arise until a year after the deadline passed. (Doc. #195, 6:19-20). Defendant also references the more recent settlement by co-defendant as grounds to warrant leave to re-file. (Doc. #195, 11:1-6).

---

[3] Co-defendant was Chamberlain Group, Inc., which is now terminated.

Here, defendant offers persuasive reasons justifying the length of the delay. Although the Ninth Circuit has found other reasons for delay justified *see e.g., Bateman,* 231 F.3d (plaintiff's attorney missed a deadline due to a family emergency); *see also Gravatt v. Paul Revere Life Ins. Co.,* 101 Fed. Appx. 194, 195-96 (9th Cir. 2004) (plaintiff's attorney missed a deadline due to personal medical issues), the court finds the instant circumstances equally compelling. Thus, this factor weighs in defendant's favor.

**4. Whether the Movant Acted in Good Faith**

As for the fourth factor, the court finds no bad faith on defendant's part. *See Bateman,* 231 F.3d at 1225 (concluded that bad faith was not present since the errors resulted from negligence and carelessness, not deviousness or willfulness).

**B. Summary**

Defendant has established excusable neglect for missing the dispositive motion deadline. While not all factors weigh in defendant's favor, two factors, particularly the reason for delay, weigh decisively in its favor. Additionally, along with these four factors, to make a fully "equitable" decision, the court looks to another factor referenced in the magistrate judge's order. *Pioneer,* 507 U.S. at 395 (excusable neglect is an equitable decision which includes the four main factors, but also all relevant circumstances). That factor referenced by the magistrate judge is the strong public policy of resolving cases on their merits in a timely fashion (doc. #194, 3:1-2). The court believes granting this motion will serve that purpose.

Also, the four-factor equitable test from *Pioneer* must be applied in determining excusable neglect. *Bateman,* 231 F.3d at 1224 (Ninth Circuit overruled the lower court partly because they did not utilize the four factor equitable test from *Pioneer* in their excusable neglect analysis). Here, the magistrate judge did not utilize the four-factor equitable test from *Pioneer* in evaluating defendant's motion.

. . .

. . .

. . .

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's objection and request for relief from the magistrate's denial of their motion for leave to file motion after the dispositive motion deadline (doc. #195) be, and the same hereby is, GRANTED.

Furthermore,

IT IS HEREBY ORDERED that defendant's three motions for summary judgments be re-filed with the court within seven (7) days of this order's publication.

DATED February 19, 2013.

_James C. Mahan_
**UNITED STATES DISTRICT JUDGE**